DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL (MTBN 58862977)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-1372
(202) 307-0054 (f)
Chelsea.E.Bissell@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIREZ HARVEST COMPANY, INC, | Case No.: 3:24-cv-06913-VC |
| Plaintiff, | **UNITED STATES' ANSWER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The United States of America hereby answers the complaint and asserts its defenses.

**FIRST DEFENSE**

The United States responds to the allegations of the complaint as follows. Any facts not explicitly admitted are denied. To clearly respond to Plaintiff's complaint, the United States has copied the complaint verbatim. Substantive errors in the copied text are marked with "[sic]"; non-substantive errors remain unmarked.

**I.      STATEMENT OF CLAIM**

*1.      Plaintiff brings this action pursuant to 26 U.S.C. § 7422 seeking a refund of employee retention credits ("ERCs"), plus interest thereon pursuant to 26 U.S.C. §§ 6611 and*

1

6621. *Plaintiff's refundable employee retention credits for the employment tax quarters at issue are as follows:*

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| Employment Tax Quarter Ending June 30, 2021 | $514,184.78 |
| Employment Tax Quarter Ending September 30, 2021 | $526,324.85 |
| Total | $1,040,509.63 |

**Response**: Admits that Plaintiff is seeking a refund for ERCs of $1,040,509.63 plus interest pursuant to 26 U.S.C. §§ 7422, 6611, and 6621, but denies that Plaintiff is entitled to a refund in this action.

## II.      PARTIES

2.      *Plaintiff, Ramirez Harvest Company, Inc., is, and at all times mentioned was, a domestic for-profit corporation with its principal place of business in Monterey County, California, and qualified to do business in California.*

**Response**: Admits.

3.      *Defendant is the United States of America and will be served by mailing a copy of this Complaint and summons by certified mail, return receipt requested, to (i) Ismail J. Ramsey, Civil Process Clerk, U.S. Attorney for the Northern District of California, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489; (ii) The Honorable Merrick B. Garland, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Ave., NW, Washington DC 20530, and (iii) Daniel I. Werfel, Commissioner, Internal Revenue Service (the "Commissioner"), 1111 Constitution Ave., NW, Washington, DC 20224.*

**Response**: Admits that the United States is the Defendant and Plaintiff issued summons to the United States as specified in paragraph 3.

## III.      JURISDICTION AND VENUE

4.      *This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1340 and 1346 because this is a civil action arising under an Act of Congress providing for*

2

*internal revenue. This suit arises under the Internal Revenue Code of the United States for the refund of taxes, interest, and penalties overpaid by Plaintiff.*

**Response**: Denies that Plaintiff overpaid taxes, interest, and penalties, admits all remaining allegations in paragraph 4.

5.    *Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1402 because a substantial part of the events or omissions giving rise to the claims occurred in the District, as is more fully explained herein. Defendants' wrongful actions that gave rise to the claims either occurred in, or substantially caused harm in, California.*

**Response**: Admits that venue is proper pursuant to 28 U.S.C. § 1402(a)(2) because Plaintiff brings this suit under 28 U.S.C. § 1346 and is a corporation with its principal place of business in the Northern District of California. The United States denies all remaining allegations in paragraph 5.

## IV.    DIVISIONAL ASSIGNMENT

6.    *Pursuant to Civil L.R. 3-5 and 3-2(c), this case should be assigned to the San Jose Division because a substantial part of the events or omissions giving rise to the claims occurred in Monterey County.*

**Response**: Admits.

## V.    FACTS AND BACKGROUND

7.    *At all relevant times, Plaintiff was incorporated as a for-profit, domestic corporation with its principal place of business in Monterey County, California.*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

8.    *Plaintiff is in the trade and business of providing labor to the agricultural industry.*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

3

Answer
3:24-cv-06913-VC

1    9.    *Plaintiff continued to provide labor to the agricultural industry throughout the*

2  *entirety of the COVID-19 pandemic during 2019, 2020 and 2021.*

3    **Response**: The United States is without knowledge or information sufficient to admit or

4  deny these allegations and on that basis denies.

5    10.    *Plaintiff employed an average of under 500 full-time employees during 2019,*

6  *2020 and 2021.*

7    **Response**: The United States is without knowledge or information sufficient to admit or

8  deny these allegations and on that basis denies.

9    11.    *Plaintiff paid qualified wages eligible for the ERC to its employees during 2021.*

10    **Response**: The United States is without knowledge or information sufficient to admit or

11  deny these allegations and on that basis denies.

12    12.    *Plaintiff paid qualified health care expenses eligible for the ERC for its employees*

13  *during, 2021, although it did not take an ERC with respect to those expenses.*

14    **Response**: The United States is without knowledge or information sufficient to admit or

15  deny these allegations and on that basis denies.

16    13.    *Plaintiff complied with the requirements of 26 U.S.C. § 7422(a) by filing a claim*

17  *for refund via Form 943-X, Adjusted Employer's Annual Federal Tax Return for Agricultural*

18  *Employees or Claim for Refund, covering the periods at issue.*

19    **Response**: Admits.

20    14.    *On or around January 31, 2022, Plaintiff paid all amounts due for the*

21  *employment tax quarters ending March 31, 2021, June 30, 2021, September 30, 2021, and*

22  *December 31, 2021. On or around January 31, 2022, Plaintiff also filed Form 943 and claimed*

23  *the ERC on qualified wages for the quarter ending March 31, 2021.*

24    **Response**: Admits Plaintiff has no outstanding balance due for employment tax quarters

25  ending March 31, 2021, June 30, 2021, September 30, 2021, and December 31, 2021. The

26  United States denies all remaining allegations in paragraph 14 for lack of knowledge or

27  information.

28

Answer
3:24-cv-06913-VC

1    *15.    On or around March 8, 2022, Plaintiff filed Form 943-X, Adjusted Employer's*

2    *Annual Federal Tax Return for Agricultural Employees or Claim for Refund, seeking additional*

3    *refunds relating to refundable employee retention credits to which Plaintiff was lawfully entitled*

4    *(collectively, the "Claims") for employment tax quarters ending June 30, 2021, and September*

5    *30, 2021.*

6    **Response**: Admits the IRS received a Form 943-X for 2021 from Plaintiffs on March 28,

7    2022, which was dated March 11, 2022, seeking a refund attributed to employee retention

8    credits. The United States denies all remaining allegations in paragraph 15 for lack of knowledge

9    or information.

10    *16.    Plaintiff filed its Claims with the Internal Revenue Service within three years of*

11    *filing Form 943 for 2021, as specified in 26 U.S.C. § 6511.*

12    **Response**: Admits.

13    *17.    On October 7, 2022, March 6, 2023, and August 14, 2023, the IRS disallowed*

14    *Plaintiff's Form 943-X claim for refund relating to the employment tax quarters June 30, 2021,*

15    *and September 30, 2021.*

16    **Response**: Admits.

17    *18.    Plaintiff has satisfied the requirements of 26 U.S.C. § 6532 by filing this suit for*

18    *refund within two years of the IRS disallowance of its refund claim on October 7, 2023.*

19    **Response**: Admits Plaintiff timely filed this action pursuant to 26 U.S.C. § 6532(a)(1) but

20    denies for lack of knowledge or information that Plaintiff has satisfied every requirement set

21    forth in 26 U.S.C. § 6532.

22    *19.    Plaintiff's gross receipts for employment tax quarter ending June 30, 2021, were*

23    *less than 80 percent of the gross receipts for the same employment tax quarter in 2019 and thus*

24    *were qualified wages for ERC purposes. The wages paid by Plaintiff for the tax quarter ending*

25    *September 30, 2021, were also qualified wages because Plaintiff elected to use the alternative*

26    *quarter method to calculate gross receipts as provided by Section 2301(c)(2)(B) of the*

27

28

Answer
3:24-cv-06913-VC

*Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), as amended by Sections of [sic] 206 and 207 of the COVID-related Tax Relief Act (the "COVID Relief Act").*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

*20.    Plaintiff is an "eligible employer" under al applicable statutory provisions, including the Internal Revenue Code, the CARES Act, as amended by the COVID Relief Act, and the American Rescue Plan Act (the "ARPA"), for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

*21.    Plaintiff filed its Form 943, Employer's Annual Federal Tax Return for Agricultural Employees, claiming an employee retention credit based on qualified wages for the tax quarter ending March 31, 2021, and September 30, 2021. Plaintiff received a refund as claimed in the amount of $827,460.53.*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

*22.    Following the filing of Plaintiff's Form 943, Plaintiff had sufficient time and information to process its employee Form W-2s and Form 1099s. Plaintiff ascertained that they had additional qualified wages for the tax quarters ending June 30, 2021, and September, 30 2021.*

**Response**: The United States is without knowledge or information sufficient to admit or deny these allegations and on that basis denies.

*23.    Plaintiff filed its Claims for additional ERC refund based on qualified wages eligible for the ERC for tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021, less the refund paid for the tax quarter ending March 31, 2021, for a sum of $1,040,509.63.*

Answer
3:24-cv-06913-VC

1    **Response**: Admits Plaintiff filed a claim for refund attributed to ERCs in the amount of

2    $1,040,509.63. The United States denies all remaining allegations in paragraph 23 for lack of

3    knowledge or information.

4         24.     *$1,040,509.63 represents the sum of Plaintiff's refundable employee retention*

5    *credits for qualified wages and health plan expenses as follows:*

6

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| *Employment Tax Quarter Ending June 30, 2021* | *$514,184.78* |
| *Employment Tax Quarter Ending September 30, 2021* | *$526,324.85* |
| *Total* | *$1,040,509.63* |

11        **Response**: Admits Plaintiff filed a claim for refund attributed to ERCs in the amount of

12    $1,040,509.63 but denies that Plaintiff is entitled to these credits.

13         25.     *Plaintiff fully complied with Guidance on the Employee Retention Credit under*

14    *Section 2301 of the Coronavirus Aid, Relief, and Economic Security Act (Notice 2021-20) which*

15    *states that "[s]ome eligible employers will use other federal employment tax returns, such as . . .*

16    *Form 943, Employer's Annual Federal Tax Return for Agricultural Employees . . . to report the*

17    *amount of total qualified wages paid."*

18        **Response**: The United States is without knowledge or information sufficient to admit or

19    deny these allegations and on that basis denies.

20         26.     *IRS documents indicate that the IRS received Plaintiff's Claims on or about*

21    *March 28, 2022.*

22        **Response**: Admits.

23         27.     *Plaintiff maintained adequate and accurate documentation to support the*

24    *determination of gross receipts for employment quarters ending March 31, 2021, June 30, 2021,*

25    *and September 30, 2021.*

26        **Response**: The United States is without knowledge or information sufficient to admit or

27    deny these allegations and on that basis denies.

28

Answer
3:24-cv-06913-VC

1   *28.     Plaintiff worked repeatedly with the IRS and the Taxpayer Advocate Service*

2   *regarding the additional refund which has not been paid, to no avail. The agents of the IRS have*

3   *repeatedly and mistakenly told Plaintiff to file erroneous tax return Form 941-X to facilitate the*

4   *Claims' processing.*

5   **Response**: The United States is without knowledge or information sufficient to admit or

6   deny these allegations and on that basis denies.

7   *29.     The IRS has responded to Plaintiff with disallowance letters instructing the*

8   *Plaintiff to refile Form 941-X, despite no claim having ever been made on Form 941-X.*

9   **Response**: Admits that the IRS sent Plaintiff three disallowance letters, and the letters

10  dated October 7, 2022, and August 14, 2023, stated that Plaintiff needed to file Forms 941-X to

11  submit ERC claims for refund. The United States denies that the third disallowance letter, dated

12  March 6, 2023, denied Plaintiff's refund claim on the basis that it needed to file Forms 941-X to

13  claim the refund. Instead, the United States avers that the March 6, 2023 letter denied Plaintiff's

14  refund because the credit claimed for Sick and Family and/or Employee Retention Credits

15  exceeded the amount allowed and asked Plaintiff to resubmit its claim.

16  *30.     Plaintiff has not received any payment related to the Claims as claimed on Form*

17  *943-X.*

18  **Response**: Admits.

19                    **VI.        GROUNDS FOR RELIEF**

20  *31.     Plaintiff incorporates by reference all prior paragraphs as if they were fully set*

21  *forth herein.*

22  **Response**: This allegation requires no response. To the extent a response is required, the

23  United States realleges its responses to all prior allegations in the complaint.

24  *32.     The CARES Act was enacted to provide emergency economic assistance to help*

25  *individuals and businesses cope with the economic and public health crises triggered by the*

26  *worldwide COVID-19 pandemic. P.L. 116-136, 134 Stat. 281 (2020).*

27  **Response**: Admits.

28

8

33.     *The CARES Act provides for an ERC designed to encourage eligible employers to keep employees on their payroll despite experiencing economic hardship related to COVID-19. Id.*

**Response**: Admits.

34.     *The IRS has failed to fulfill its statutory duty by holding Plaintiff's refund without justification.*

**Response**: Denies.

35.     *The IRS's disallowance of Plaintiff's Claims frustrates the legislative intent of the CARES Act and amending legislation.*

**Response**: Denies.

36.     *The IRS has demonstrated unjustified, inconsistent treatment of Plaintiff's ERC claims for refund.*

**Response**: Denies.

37.     *The IRS' unwarranted and inconsistent treatment of Plaintiff's ERC claims for refund violates Plaintiff's rights pursuant to 26 U.S.C. § 7803(a)(3), including but not limited to, the right to quality service, the right to pay no more than the correct amount of tax, ad the right to a fair and just tax system.*

**Response**: Denies.

38.     *The Commissioner has breached his duty pursuant to 26 U.S.C. § 7803(a)(2) to ensure that IRS employees are familiar with and act in accord with taxpayer rights.*

**Response**: Denies.

39.     *Plaintiff has met all jurisdictional prerequisites required under 26 U.S.C. §§ 7422 and 6532.*

**Response**: Admits.

Answer
3:24-cv-06913-VC

40.    *Notwithstanding the IRS' actions, Plaintiff has met all jurisdictional and legal prerequisites for entitlement to employee retention credit claims for refund for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.*

**Response**: Denies.

41.    *Plaintiff has a legitimate claim against Defendant and is entitled to collect its refundable employee retention credit of at least $1,040,509.63 and all amounts of taxes overreported pursuant to the Claims, plus interest thereon to the fullest extent of the law.*

**Response**: Denies.

## VII.        DEMAND FOR JURY TRIAL

42.    *Plaintiff requests a jury trial for all issues triable as of right by a jury pursuant to Federal Rule of Civil Procedure 38(b).*

**Response**: This allegation requires no response. To the extent a response is required, the United States acknowledges Plaintiff has issued a jury demand.

## VIII.        PRAYER FOR RELIEF

**WHEREFORE**, *Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendant:*

43.    *Adjudicating and determining under 26 U.S.C. § 7422 that Plaintiff has a valid claim against Defendant in the amount of at least $1,040,509.63 and all amounts of taxes overreported pursuant to the Claims, plus interest thereon to the fullest extent of the law, or such other amounts as the Court determines;*

44.    *Awarding applicable pre- and post-judgment interest, costs of suit, and attorneys' fees; and grating such other and further relief as is just and proper.*

**Response**: Denies.

## SECOND DEFENSE

To the extent Plaintiff's basis for a refund set forth in the complaint was not contained in Plaintiff's claims for refund, it constitutes a variance from the claim for refund filed with the

10

Answer
3:24-cv-06913-VC

Internal Revenue Service. This Court lacks jurisdiction under 26 U.S.C. § 7422(a) to hear any such alternative claim. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir. 1985).

### THIRD DEFENSE

If the Court determines that the Plaintiff has made any overpayment of tax, the United States is entitled, pursuant to 26 U.S.C. § 6402, to reduce any such overpayment based on any additional tax liabilities that the Plaintiff may owe, whether or not previously assessed or alleged.

### FOURTH DEFENSE

Additionally, Plaintiff's entire tax liability for the litigated tax periods is at issue in this refund suit, and the United States is therefore entitled to reduce any overpayment by any additional tax liabilities that the Plaintiff might owe from this redetermination. *Lewis v. Reynolds*, 284 U.S. 281 (1932); *R.H. Donnelley Corp. v. United States*, 641 F.3d 70 (4th Cir. 2011).

WHEREFORE, the United States respectfully requests that the Court deny the relief sought by Plaintiff and grant the United States further relief as the Court deems proper and just, including its costs in this proceeding.

Respectfully submitted January 10, 2025.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Chelsea Bissell*
CHELSEA BISSELL
Trial Attorney, Tax Division
U.S. Department of Justice

*Counsel for United States of America*

11

Answer
3:24-cv-06913-VC

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on January 10, 2025, I electronically filed the foregoing document with the
3   Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties that
    have appeared in this case.

4

5                                                        /s/ Chelsea Bissell
                                                         CHELSEA BISSELL
6                                                        Trial Attorney, Tax Division
                                                         U.S. Department of Justice

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13